# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------
RENA COHEN,

                            Plaintiff,

- against -


INSERRA SUPERMARKETS, INC., WAKEFERN FOOD
CORP. and SHOPRITE OF TALLMAN,

                            Defendants.
-----------------------------------------------------------------

Index No.: 033131-2021
Date Filed: 6/ 7 /21

Plaintiff(s) designates
**ROCKLAND**
County as the place of trial

The basis of this venue:
Location of Accident and
Plaintiff's Residence

**SUMMONS**

Plaintiff(s) Resides at
County of Rockland

**TO THE ABOVE NAMED DEFENDANT(S):**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve your answer, or, if the complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this Summons, exclusive of the day of service (or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
        June 7, 2021

HOLCZER LAW FIRM, PLLC
Attorneys for Plaintiff
2607 Nostrand Avenue
Brooklyn, NY 11210
(212) 968-9607

Defendant(s) address:

INSERRA SUPERMARKETS, INC.
C/O SECRETARY OF STATE

WAKEFERN FOOD CORP.
C/O SECRETARY OF STATE

SHOPRITE OF TALLMAN
250 Route 59
Airmont, New York 10901

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------------------x
RENA COHEN,

                                    Plaintiff,           **VERIFIED**
                                                                          **COMPLAINT**

    - against -

INSERRA SUPERMARKETS, INC., WAKEFERN
FOOD CORP. and SHOPRITE OF TALLMAN,

                                    Defendants.
----------------------------------------------------------------x

        Plaintiff, complaining of the Defendants, respectfully alleges and sets forth, all upon information and belief, as follows:

        1.     That at the time of the commencement of this action the Plaintiff RENA COHEN was and still is a resident of the County of Rockland, State of New York.

        2.     That the cause of action alleged herein arose in the County of Rockland, State of New York.

        3.     That this action falls within one or more of the exemptions set forth in CPLR 1602.

        4.     That at all times herein mentioned, the Defendant INSERRA SUPERMARKETS, INC. was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

        5.     That at all times herein mentioned, the Defendant INSERRA SUPERMARKETS, INC. was and still a foreign corporation duly authorized to conduct and transact business in the State of New York.

        6.     That at all times herein mentioned, the Defendant WAKEFERN FOOD CORP. was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

        7.     That at all times herein mentioned, the Defendant WAKEFERN FOOD CORP. was and still a foreign corporation duly authorized to conduct and transact business in the State of New York.

8. That at all times herein mentioned, the Defendant SHOPRITE OF TALLMAN was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times herein mentioned, the Defendant SHOPRITE OF TALLMAN was and still is a foreign corporation duly authorized to conduct and transact business in the State of New York.

10. That at all times herein mentioned, the Defendant SHOPRITE OF TALLMAN maintained a principal place of business and/or transacted business in the State of New York.

11. That on June 29, 2018 and at all times herein mentioned, the Defendant INSERRA SUPERMARKETS, INC. owned the premises located at Shoprite, 250 Route 59, Airmont New York.

12. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. was a lessor of the aforesaid premises located at Shoprite, 250 Route 59, Airmont, New York.

13. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. was a lessee of the aforesaid premises.

14. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. managed the aforesaid premises.

15. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. controlled the aforesaid premises.

16. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. maintained the aforesaid premises.

17. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the defendant INSERRA SUPERMARKETS, INC. repaired the aforesaid premises.

19. That on June 29, 2018 and at all times herein mentioned, and upon information belief, the Defendant INSERRA SUPERMARKETS, INC. operated the aforesaid premises.

20. That on June 29, 2018 and at all times herein mentioned, the Defendant WAKEFERN

FOOD CORP. owned the premises located at Shoprite, 250 Route 59, Airmont New York.

21. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. was a lessor of the aforesaid premises located at Shoprite, 250 Route 59, Airmont, New York.

22. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. was a lessee of the aforesaid premises.

23. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. managed the aforesaid premises.

24. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. controlled the aforesaid premises.

25. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. maintained the aforesaid premises.

26. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the defendant WAKEFERN FOOD CORP. repaired the aforesaid premises.

27. That on June 29, 2018 and at all times herein mentioned, and upon information belief, the Defendant WAKEFERN FOOD CORP. operated the aforesaid premises.

28. That on June 29, 2018 and at all times herein mentioned, the Defendant SHOPRITE OF TALLMAN owned the premises located at Shoprite, 250 Route 59, Airmont, New York.

29. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN was a lessor of the aforesaid premises located at Shoprite, 250 Route 59, Airmont, New York.

30. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN was a lessee of the aforesaid premises located at Shoprite, 250 Route 59, Airmont, New York.

31. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN managed the aforesaid premises.

32. That on June 29, 2018 and at all times herein mentioned and upon information and

belief, the Defendant SHOPRITE OF TALLMAN controlled the aforesaid premises.

33. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN maintained the aforesaid premises.

34. That on June 29, 2018 and at all times herein mentioned, and upon information belief, the Defendant SHOPRITE OF TALLMAN repaired the aforesaid premises.

35. That on June 29, 2018 and at all times herein mentioned, and upon information belief, the Defendant SHOPRITE OF TALLMAN operated the aforesaid premises.

36. That on or about June 29, 2018 Plaintiff RENA COHEN was lawfully on the aforesaid premises.

37. That on or about June 29, 2018, while Plaintiff RENA COHEN was lawfully about the store area of the aforesaid premises, the defendants, by their agents, servants and employees, caused a pallet of watermelons to fall upon the plaintiff.

38. That on June 29, 2018 and at all times herein mentioned, the Defendant INSERRA SUPERMARKETS, INC. owned the aforesaid store area.

39. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. was a lessor of the aforesaid store area.

40. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. was lessee of the aforesaid store area.

41. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant, INSERRA SUPERMARKETS, INC. managed the aforesaid store area.

42. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. controlled the aforesaid store area.

43. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. maintained the aforesaid store area.

44. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant INSERRA SUPERMARKETS, INC. repaired the aforesaid store area.

45. That on June 29, 2018 and at all times herein mentioned, and upon information and

belief, the Defendant INSERRA SUPERMARKETS, INC. operated the aforesaid store area.

46. That on June 29, 2018 and at all times herein mentioned, the Defendant WAKEFERN FOOD CORP. owned the aforesaid store area.

47. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. was a lessor of the aforesaid store area.

48. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. was lessee of the aforesaid store area.

49. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. managed the aforesaid store area.

50. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. controlled the aforesaid store area.

51. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. maintained the aforesaid store area.

52. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. repaired the aforesaid store area.

53. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant WAKEFERN FOOD CORP. operated the aforesaid store area.

54. That on June 29, 2018 and at all times herein mentioned, the Defendant SHOPRITE OF TALLMAN owned the aforesaid store area.

55. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN was a lessor of the aforesaid store area.

56. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN was a lessee of the aforesaid store area.

57. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN managed the aforesaid store area.

58. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN controlled the aforesaid store area.

59. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN maintained the aforesaid store area.

60. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN repaired the aforesaid store area.

61. That on June 29, 2018 and at all times herein mentioned, and upon information and belief, the Defendant SHOPRITE OF TALLMAN operated the aforesaid store area.

62. The above mentioned occurrence, and the results thereof, were caused by the joint several and concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, repair, maintenance and control of the aforesaid premises and store area.

63. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

64. That by reason of the foregoing, Plaintiff RENA COHEN was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

65. That by reason of the foregoing, Plaintiff RENA COHEN was damaged in an amount that exceeds the jurisdictional limits of all lower counts that would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
June 7, 2021

Yours, etc.

Ezra Holczer, Esq.
HOLCZER LAW FIRM, PLLC
Attorneys for Plaintiff
RENA COHEN
2607 Nostrand Avenue
Brooklyn, New York 11210
(212) 968-9607

STATE OF NEW YORK     )
                      ) SS:
COUNTY OF KINGS       )

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, affirm the following under penalty of perjury:

I am the attorney of record for the Plaintiff in the within action.

I have read the foregoing COMPLAINT and know the contents thereof. The same is true to the knowledge of your affirmant, except as to those matters therein stated to be alleged upon information and belief, and as to those matters your affirmant believes it to be true.

The reason this COMPLAINT made by your affirmant instead of by the Plaintiff is that the Plaintiff is not within the county wherein your affirmant maintains his office.

The grounds of my belief as to all matters not stated upon my knowledge are from correspondence and a general investigation into the facts of this action.

I affirm that the foregoing statements are true.

Dated: Brooklyn, New York
       June 7, 2021

_____
EZRA HOLCZER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

RENA COHEN,

                      Plaintiff,

- against -

INSERRA SUPERMARKETS, INC., WAKEFERN
FOOD CORP. and SHOPRITE OF TALLMAN,

                      Defendants.

# SUMMONS AND COMPLAINT

HOLCZER LAW FIRM, PLLC
Attorneys for Plaintiff
2607 NOSTRAND AVENUE
BROOKLYN, NY 11210
(212) 968-9607